## Case No. 17,192.

### The WARREN.

[2 Ben. 498.][1]

District Court, S. D. New York. July, 1868.

#### COLLISION—PLEADING—COSTS.

Where a libel for a collision failed to convey any idea of the manner in which the collision took place, but was not excepted to, and on the hearing a decree was made dismissing it: *Held*, that no costs would be given, because the libel should have been excepted to and dismissed.

[See The Albemarle, Case No. 135.]

In admiralty.

L. B. Bunnell, for libelants.

Beebe, Dean & Donohue, for claimants.

BENEDICT, District Judge. The libel in this case is filed to recover the sum of $250, being the damages alleged to have been sustained by the steamer Utah, in two collisions with the ferry-boat Warren. It is meager in its details, and fails entirely to convey any idea of the manner in which either collision took place. It sets forth none of the movements of either vessel on either occasion, makes no allusion to the causes of either accident, and fails to state the nature or amount of injury sustained on each occasion. The only fact, tending to describe either accident, which is stated, is that the Utah was on each occasion leaving her pier in the East river. This fact is contradicted by the only witness called by the libellant, who states that the first collision was in the morning, when the Utah was coming in, and the second in the afternoon, when she was leaving her pier. This witness, as to the first collision, says it was of little account, and the pilot and deck hand of the ferry-boat testify that they never knew of any such occurrence. As to the second collision, the witness is more particular, but I cannot believe he describes it with accuracy. It seems to me to be highly improbable that any such accident as this witness describes could have occurred. This single witness, called by the libellant, is positively contradicted by two witnesses from the ferry-boat, who, while they admit that the ferry-boat touched the Utah one day as she went out, deny in toto the story of the libellant's witness, and aver that the slight accident that did occur was caused by the backing of the Utah, and after the ferry-boat had fairly entered her slip, and had dropped her pin. Furthermore, while the libel is filed to recover $250 as the amount of damage sustained, it is shown that at the time the damages were stated to be only $31, and a bill for that amount was rendered. In such a state of the pleadings and proofs, no decree can be rendered in favor of the libellants. The libel must therefore be dismissed. I withhold costs, however, for the reason that a libel so

---

[1] [Reported by Robert D. Benedict, Esq., and here reprinted by permission.]

entirely insufficient upon its face, according to well-established decisions should have been excepted to, and thus dismissed.